# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP, | Case No. 2:26-cv-01906 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| CONSUMER FINANCIAL PROTECTION BUREAU, | |
| Defendant. | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     JURISDICTION AND VENUE ............................................................................1

III.    PARTIES ...............................................................................................................1

IV.     FACTUAL ALLEGATIONS ................................................................................2

        A.      The FOIA Request ....................................................................................2

        B.      The CFPB's Glomar Response ..................................................................3

        C.      Plaintiff's Administrative Appeal .............................................................3

        D.      The CFPB's Final Appellate Determination ............................................4

COUNT I VIOLATION OF THE FREEDOM OF INFORMATION ACT,
        5 U.S.C. § 552 ....................................................................................................4

PRAYER FOR RELIEF ....................................................................................................5

JURY DEMAND ................................................................................................................6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - i

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

000700-00/3601443 V1

Plaintiff Hagens Berman Sobol Shapiro LLP ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant Consumer Financial Protection Bureau ("CFPB" or "Defendant") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges as follows:

## I.   INTRODUCTION

1.   This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to compel the CFPB to disclose agency records improperly withheld from Plaintiff in response to a FOIA request. The FOIA request concerned CFPB's records related to possible violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, by Veterans United Home Loans, Realty Search Solutions, LLC (d/b/a Veterans United Realty), and Mortgage Research Center, LLC (collectively, "Veterans United").

2.   Plaintiff has brought a class action lawsuit against Veterans United in the Western District of Missouri for alleged RESPA violations, state consumer protection act violations, and unjust enrichment.[1]

## II.   JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which grants district courts jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

4.   Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), which permits a FOIA action to be filed in the district where the complainant resides.

## III.   PARTIES

5.   Plaintiff Hagens Berman Sobol Shapiro LLP, a professional corporation, is a nationwide law firm with its principal place of business at 1301 Second Avenue, Suite 2000, Seattle, Washington 98101.

---

[1] *See Peyton v. Veterans United Home Loans*, No. 26-cv-04039 (W.D. Mo.), Dkt. 32 (Amended Class Action Complaint).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

**HAGENS BERMAN**

000700-00/3601443 V1

6. Defendant Consumer Financial Protection Bureau is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1700 G Street NW, Washington, DC 20552. The CFPB is in possession and control of the records sought by Plaintiff's FOIA request.

## IV. FACTUAL ALLEGATIONS

**A.    The FOIA Request**

7. On April 9, 2026, Plaintiff submitted a FOIA request to the CFPB, designated as FOIA Request No. CFPB-2026-0540-F (the "Request").

8. The Request sought the following categories of records:

    a.    All communications, including emails and documents, between CFPB and employees, executives, or directors of Veterans United regarding any purported or alleged violations of RESPA, 12 U.S.C. § 2601;

    b.    All calendar entries, agendas, minutes, notes, or follow-up communications relating to any meetings, telephone calls, or virtual conferences between CFPB officials and Veterans United;

    c.    All communications, including emails and documents, with any law firm representing Veterans United;

    d.    All documents and deposition transcripts received or created by CFPB in connection with any investigation, inquiry, or enforcement matter regarding any purported or alleged violations of RESPA by Veterans United;

    e.    All copies of consumer complaints received by CFPB regarding Veterans United, and all documents reflecting the analysis or investigation of such complaints;

    f.    All internal communications among CFPB personnel, including emails, instant messages, memoranda, reports, presentations, and analyses, concerning Veterans United.

9. On April 23, 2026, the CFPB responded, and invoked a 10-day extension to formally respond to Plaintiff's request "[d]ue to voluminous documents."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 2

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

000700-00/3601443 V1

**B.     The CFPB's Glomar Response**

10.     On May 15, 2026, the CFPB FOIA Office issued a response to the Request in which it refused to confirm or deny the existence of any records responsive to the Request—a so-called "Glomar" response.[2]

11.     The CFPB invoked Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), which applies to records or information compiled for law enforcement purposes, the disclosure of which "could reasonably be expected to interfere with enforcement proceedings."

12.     The CFPB also invoked Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), which applies to records or information compiled for law enforcement purposes, the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions."

13.     The CFPB's Glomar response contained no substantive reasoning. Instead, the CFPB merely recited conclusory allegations of the cited exemptions as to all requests. The CFPB did not provide any details to explain why those exemptions apply.

**C.     Plaintiff's Administrative Appeal**

14.     On May 19, 2026, Plaintiff timely appealed the CFPB's denial of the Request by letter addressed to the CFPB's General Counsel (c/o Chief FOIA Officer).

15.     In the appeal, Plaintiff argued that the CFPB's Glomar response was plainly inadequate and that the CFPB failed to meet its burden to demonstrate that disclosure would cause harm under either Exemption 7(A) or 7(E).

16.     Plaintiff argued that the CFPB failed to show, by more than conclusory statements, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding or disclose techniques for law enforcement investigations.

17.     Plaintiff further argued that the CFPB's blanket assertion of exemptions for all documents requested, without any effort to specify which documents purportedly fall within each exemption, failed to meet its burden to justify its Glomar response.

---

[2] A "Glomar" response originated in *Phillippi v. CIA*, 546 F.2d 1009, 1011 (D.C. Cir. 1976), which involved a FOIA request to the CIA to obtain records regarding the activities of a vessel named the Hughes Glomar Explorer.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

000700-00/3601443 V1

18.     Plaintiff also argued that, to the extent some documents fall within the exemptions and others do not, the CFPB was required to segregate the non-exempt information from the exempt information, disclosing the former but not the latter.

**D.      The CFPB's Final Appellate Determination**

19.     On May 29, 2026, the CFPB issued its Final Appellate Determination denying Plaintiff's appeal (the "Final Determination," attached hereto as Exhibit A).

20.     In the Final Determination, the CFPB affirmed the Glomar response, asserting that acknowledging the existence or absence of a law enforcement investigation concerning Veterans United would interfere with any such investigation and reveal the Bureau's law enforcement techniques.

21.     The Final Determination stated that confirming or denying the existence of records could "interfere" with any ongoing investigation by "alerting" the subject of the investigation to its existence.

22.     The Final Determination informed Plaintiff that it may seek judicial review of the appeal denial in U.S. District Court where Plaintiff resides, in the district where the documents are located, or in the District of Columbia.

23.     Plaintiff has exhausted all required administrative remedies.

### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

24.     Plaintiff realleges and incorporates by reference paragraphs 1 through 23 above.

25.     The CFPB is an "agency" as defined by 5 U.S.C. § 552(f)(1).

26.     The records sought by Plaintiff in the Request are "agency records" subject to disclosure under 5 U.S.C. § 552.

27.     Plaintiff properly submitted the Request to the CFPB in accordance with the CFPB's FOIA regulations and 5 U.S.C. § 552.

28.     The CFPB has improperly withheld responsive agency records from Plaintiff by issuing a Glomar response that is not justified under the cited exemptions.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

**HAGENS BERMAN**

1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

000700-00/3601443 V1

29.     The CFPB's Glomar response under Exemption 7(A) is improper because the CFPB has failed to demonstrate, by more than conclusory statement, how the particular kinds of records requested would interfere with pending or reasonably anticipated enforcement proceedings.

30.     The CFPB's Glomar response under Exemption 7(E) is improper because the CFPB has failed to demonstrate that the mere existence of documents would reveal law enforcement techniques and risk the circumvention of the law.

31.     The CFPB's blanket assertion of exemptions as to all categories of requested documents, without specifying which documents fall within each exemption, is improper.

32.     To the extent some responsive records fall within an applicable exemption, the CFPB has failed to meet its obligation to segregate and disclose reasonably segregable, non-exempt portions of responsive records, as required by 5 U.S.C. § 552(b).

33.     Plaintiff has a legal right to obtain the requested records, and no legal basis exists for the CFPB's continued withholding of such records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare that the records sought by Plaintiff's FOIA Request are improperly withheld by the CFPB;

B.     Order the CFPB to conduct an adequate search for all records responsive to Plaintiff's FOIA Request;

C.     Order the CFPB to disclose the requested records in their entirety, or in the alternative, to produce a *Vaughn* index[3] describing each withheld document and the specific exemption(s) claimed as to each;

D.     Order the CFPB to segregate and disclose all reasonably segregable, non-exempt portions of any responsive records determined to be partially exempt;

---

[3] *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 5



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE     (206) 623-0594 FAX

000700-00/3601443 V1

E.      Award Plaintiff reasonable attorney's fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

F.      Grant such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff does not demand a jury trial, as FOIA cases are decided by the Court.

DATED: June 2, 2026                          Respectfully submitted,

                                             **HAGENS BERMAN SOBOL SHAPIRO LLP**

                                             */s/Steve W. Berman*
                                             Steve W. Berman (WSBA No. 12536)
                                             */s/ Jerrod C. Patterson*
                                             Jerrod C. Patterson (WSBA No. 43325)
                                             1301 Second Avenue, Suite 2000
                                             Seattle, WA 98101
                                             Telephone: (206) 268-9378
                                             Facsimile: (206) 623-0594
                                             Email:  steve@hbsslaw.com
                                                        jerrodp@hbsslaw.com

                                             *Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 6

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

000700-00/3601443 V1